UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

FILED
01 JUL 13 PM 4:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

IMOGENE SUTTLE, *et al.*,   )
                            )
    Plaintiffs,         )
                            )
vs.                         )   Civil Action No. CV 97-JEO-2034-M
                            )
CITY OF GADSDEN,            )
                            )
    Defendant.          )

ENTERED
JUL 17 2001

### MEMORANDUM OPINION

This action is before the court on plaintiffs' Objection and Request for Review of Magistrate's Ruling (doc. No. 24). Plaintiffs object to one portion of United States Magistrate Judge John E. Ott's March 26, 2001, recommendation that defendant's Motion to Limit Class (doc. no. 16) be granted in part and denied in part. (Doc. no. 23). Upon consideration, the court concludes that plaintiffs' objection is due to be granted. The court further finds that the magistrate judge's report and recommendation is otherwise due to be approved and adopted.

### DISCUSSION

Plaintiffs, Imogene Suttle and Thomas Herman Jordan, complain that the defendant, City of Gadsden, Alabama, illegally instituted, or threatened to institute, forfeiture proceedings against them and other members of the putative class pursuant to Alabama Code § 20-2-93 (1975) (1997 Replacement Vol.), which generally permits "state, county or municipal *law enforcement agencies*"[1] to seize and seek forfeiture of property having a demonstrable connection with the

---

[1] Alabama Code § 20-2-93(b) (1975) (1997 Replace. Vol.) (emphasis supplied); *see also id.* §§ 20-2-93(d) & (e) (both referring to "state, county or municipal law enforcement agency").



violation of state controlled substance statutes. Plaintiffs complain that, as a result of such actions or threats, the City illegally obtained judgments against, or waivers from, the members of the putative class, and wrongly took property from them.

Plaintiffs argue that the City violated § 20-2-93 by instituting, or threatening to institute, such forfeiture proceedings in its own name, when the statute requires that such proceedings be instituted by the district attorney of the county in which condemnation is sought, or the State Attorney General.[2] They assert claims under both 42 U.S.C. § 1983 and state common law.

Plaintiffs argue that the magistrate judge erred in addressing their response to the defendant's claim that the putative class should be limited to those who had complied with the municipal non-claim statute, when he distinguished *Corbitt v. Mangum*, 523 So. 2d 348 (Ala. 1998) from the instant case. The *Corbitt* court said, in part:

> These consolidated appeals were originally filed as a class action in an effort to collect refunds of ad valorem taxes paid based upon a "fair market" valuation rather than upon the appropriate "current use" valuation. The trial court denied the defendants' motions for summary judgment; those motions were based upon the fact that the plaintiffs had failed to file a claim with the county commission seeking a refund of ad valorem taxes illegally collected. The plaintiffs' motion for summary judgment was granted, on the authority of *Eagerton v. Williams*, 433 So.2d 436 (Ala. 1983), and *White v. Sims*, 470 So. 2d 1191 (Ala. 1985). We affirm.
>
> . . . .
>
> The defendants concede that the specific procedure for filing a claim with the county for a tax refund provided by Ala. Code (1975), §§ 40-10-160, -165,

---

[2]Ala. Code § 20-2-93(h) provides, in pertinent part, that "the procedures for the condemnation and forfeiture of property seized under this section shall be governed by and shall conform to the procedures set out in Sections 28-4-286 through 28-4-290..." Ala. Code § 28-4-286 provides, in part, that:

> It shall be the duty of such officer in the county [*i.e.*, the state district attorney in the county where the seizure occurs] or the attorney general of the state to institute at once or cause to be instituted condemnation proceedings in the circuit court by filing a complaint in the name of the state against the property seized, describing the same, or against the person or persons in possession of said vehicles of transportation, if known, to obtain a judgment enforcing the forfeiture. ...

[footnote omitted[3]] would override the general non-claims provision in § 6-5-20. [Footnote omitted.[4]] However, the defendants insist that since the plaintiffs chose to directly attack the ad valorem tax assessments, rather than follow the statutory procedure, then the plaintiffs were required to comply with the general non-claims provision of § 6-5-20. We disagree.

In *Thorn v. Jefferson County*, 375 So. 2d 780, 788 (Ala. 1979), this Court held that the taxpayers were not required to pursue a statutory remedy where the assessment was illegal and void. In asserting that the plaintiffs were required to present their claims to the county commission, pursuant to the non-claims statute, the defendants are assuming that the county commission is clothed with the authority to declare an assessment illegal and void, since an illegal and void assessment is a prerequisite to seeking relief other than as provided for by statute.

ALA. CONST., Amend. 328, § 6.01(a), provides:

> Except as otherwise provided by this Constitution, the judicial power of the state shall be vested in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law.

---

[3]The text of the omitted footnote reads as follows:

§ 40-10-160. When taxpayer entitled to recover.

Any taxpayer who through any mistake, or by reason of any double assessment, or by any error in the assessment or collection of taxes, or other error, has paid taxes that were not due upon the property of such taxpayer shall be entitled, upon making proof of such payment to the satisfaction of the comptroller, to have such taxes refunded to him if application shall be made therefor, as hereinafter provided, within two years from the date of such payment.

[4]The text of the omitted footnote reads as follows:

§ 6-5-20. Presentment of claim to county commission.

(a) An action must not be commenced against a county until the claim has been presented to the county commission, disallowed or reduced by the commission and the reduction refused by claimant.

(b) The failure of such county commission to enter upon its minutes the disallowance or reduction of the claim for 90 days is a disallowance.

(c) Proof of the fact of presentation of such claim to such county commission may be made by parol evidence.

> Clearly, the county commission is not empowered to perform the judicial function of passing upon the validity and legality of an ad valorem tax assessment. Because the trial court is the only forum with the jurisdiction and authority to declare an assessment illegal and void, we hold that the trial court properly denied the defendants' motions for summary judgment, the only ground of which was that the plaintiffs had failed to file a claim with the county commission.

*Corbitt v. Mangum,* 523 So.2d 349-50 (Ala. 1988).

Plaintiffs submit that the *Corbitt* case is analogous to this one because, like the plaintiffs in *Corbitt*, they seek equitable relief from the court: *i.e.,* they ask the court to declare the individual forfeitures illegal and void. Plaintiffs assert that, like the County Commission in *Corbitt*, the Gadsden City Council lacks the authority to declare the individual forfeitures illegal and void. Therefore, plaintiffs argue, it should be unnecessary for the members of the class to comply with the municipal non-claim statutes in conjunction with their attack on the forfeitures.

The City responded that *Corbitt* is a tax case and, therefore, it is distinguishable from the present action which (the City argues) is "for all intents and purposes a tort claim." (Doc. no. 20, at 2). The City further argues that, had plaintiffs filed notices under the non-claim statutes, there would have been no need for it to hold any forfeiture void or illegal, but only to decide whether to pay the claims set forth in plaintiffs' notices.

The magistrate judge distinguished *Corbitt*, finding that the equitable relief sought therein (a finding that the assessments were void and illegal) was relevant to the issue of whether the plaintiffs had a right to seek any remedy other than the "statutory remedy" of a tax refund under Ala. Code § 40-10-160, rather than to the issue of whether the plaintiffs had to comply with the non-claim statutes.

The court is persuaded by the plaintiffs' arguments. The *Corbitt* court found not only that

the plaintiffs before it were able to bypass the statutory remedy of requesting a tax refund, but it also found that the plaintiffs could directly attack the assessments without complying with the non-claim statutes. Although the defendants argue that the tax assessment challenges in *Corbitt* are too different from the forfeiture challenges in this case to permit analogy, the court disagrees. The court finds that the tax assessment situation is sufficiently analogous to the forfeiture situation to apply *Corbitt* in this case. In both cases, the plaintiffs allege that the governmental defendants wrongly received certain property of individual citizens after claiming the statutory right to do so. The situations are similar enough for the court to find that *Corbitt* relieves the putative class members of the obligation to file notice with the defendant of their claims under the applicable non-claim statutes.

## CONCLUSION

Accordingly, the plaintiffs' objection is due to be granted, and the Motion to Limit Class, insofar as it seeks to exclude members of the putative class who have not filed notices of their claims under Alabama Code §§ 11-47-23 and 11-47-192, is due to be denied. To the extent that it is inconsistent with this conclusion, the report and recommendation of the magistrate judge is due to be rejected. In all other respects, the report and recommendation of the magistrate judge is due to be approved and adopted.

DONE this 13th day of July, 2001.

_____
United States District Judge